## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| FEDEQ DV004, LLC, FEDEQ DV005, LLC FEDEQ SPONSOR ENTITY V, LLC, and REDWOOD DEVELOPMENT CONSULTING, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF PORTLAND,<br><br>    Defendant. | Civil Action No. _____ |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs FEDEQ DV004, LLC, FEDEQ DV005, LLC, FEDEQ Sponsor Entity V, LLC, and Redwood Development Consulting, LLC complain against Defendant City of Portland (the "City") as follows.

**Jurisdiction and Venue**

1. This is an action seeking relief for the City's taking of private property interests without paying just compensation, in violation of Article I, section 19 of the Constitution of the State of Maine, the Fifth Amendment to the United States Constitution as applicable to the states through the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983, 23 M.R.S. § 3022 et seq., and 23 M.R.S. § 154 et. seq.

2. This Court has subject matter jurisdiction over Plaintiffs' federal claims under its federal question jurisdiction, 28 U.S.C. § 1331.

3. This Court has subject matter jurisdiction over Plaintiffs' state law claims under its supplemental jurisdiction, 28 U.S.C. § 1367.

4. Venue is properly laid in the District of Maine under 28 U.S.C. § 1391(b)(1)-(2) because Defendant City is a city located in the State of Maine, and because a substantial part of the events or omissions giving rise to the claims occurred in the State of Maine.

### Parties

5. Plaintiffs FEDEQ DV004, LLC, ("DV004"), FEDEQ DV005, LLC ("DV005"), and FEDEQ Sponsor Entity V, LLC ("Lender") are Florida limited liability companies.

6. Redwood Development Consulting, LLC ("Redwood") is a Maine limited liability company.

7. At the timing of the takings alleged herein, each Plaintiff held an interest in a certain parcel of land consisting of approximately 1.04 acres and depicted as Lot 6 on that certain "Amended Subdivision Recording Plat for MiDTOWN Development, Plan Sheet 1 of 2 on Somerset Street, Portland, Maine made for FEDEQ DV001, LLC" dated April 10, 2013, as revised through, and approved by the City of Portland Planning Board on, May 10, 2016 by Owen Haskell, Inc. Falmouth, Maine, recorded at the Cumberland County Registry of Deeds, Plan Book 216, Page 217 (the "Subdivision Plat" attached as Exhibit 1) (hereinafter, "Lot 6").

8. DV004 acquired the fee interest in Lot 6 for valuable consideration pursuant to a Quitclaim Deed with Covenant from the Defendant City dated June 16, 2016 and recorded on June 17, 2016 in the Cumberland County Registry of Deeds, Book 33201, Page 247 (Attached as Exhibit 2).

9. DV005 owns the remainder of private lots on the Subdivision Plat (lots 1, 3 and 7), which are immediately adjacent to and were also purchased from the City for valuable consideration concurrently with Lot 6 as part of an integrated real estate development involving multiple parties and subject to myriad agreements between and involving such parties.

2

10. Prior to the City's takings as alleged herein, Lender held a mortgage interest in Lot 6 (the "Mortgage"), and Redwood held a long-term leasehold interest in Lot 6.

## Facts

11. On September 8, 2021, the City's Council unanimously voted to approve a condemnation order (the "Condemnation Order", attached as <u>Exhibit 3</u>) taking Lot 6 and all leasehold, mortgage, contractual, intellectual and other interests of DV004, Lender and Redwood therein or appurtenant thereto, including without limitation a certain October 15, 2012 Garage Contribution And Funding Agreement, as amended, to which the City is a party, by eminent domain.

12. The aforementioned taking also directly impacted the property rights of other parties, including without limitation DV005.

13. The Condemnation Order concluded the value of Lot 6 was negative, determined all other interests in Lot 6 were worthless, and resolved to pay each of the Plaintiffs herein, except DV005, a nominal sum of $10.00 for the interests taken.

14. DV004 and DV005 (together, "Federated") purchased all of the private lots on the Subdivision Plat from the City as a unified development site of which Lot 6 was but one, integral component.

15. Without Lot 6, the remainder of Federated's project site is worthless as presently designed.

16. DV005 has been directly damaged by the effects of its severance from the larger, comprehensively planned, Federated project site.

17. The Condemnation Order does not contemplate the interests of DV005 or compensation for the taking of such interests.

18. The Condemnation Order was recorded in the Cumberland County Registry of Deeds on September 23, 2021, in Book 382, Page 8, whereupon it became effective pursuant to 23 M.R.S. § 3023.

19. Upon information and belief, the value of the interests in Lot 6 held by Plaintiffs is far greater than what the Condemnation Order concludes.

20. The City's actions described above reflect a flagrant, willful, intentional, and wanton disregard for the Plaintiffs' rights under the United States Constitution and the Constitution and laws of the State of Maine.

**Count 1: Taking Without Payment of Just Compensation Under Maine Law (Me Const., Article I, section 19; 23 M.R.S. § 3029)**

21. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 to 20 as if set forth fully herein.

22. Pursuant to the Maine Constitution, Article I, section 19, "Private property shall not be taken for public uses without just compensation; nor unless the public exigencies require it."

23. Pursuant to 23 M.R.S. § 3029, a person aggrieved by the award of damages to owners of property taken by power of eminent domain may appeal to the Superior Court. The Superior Court must thereupon make a de novo determination of just compensation in a trial by jury or, if upon agreement of the parties, by the court without a jury or by referee. *Id.*; *August Realty v. Inhabitants of York*, 431 A.2d 1289 (Me. 1981).

24. The Defendant violated Plaintiffs' rights under the just compensation clause of the Maine Constitution and 23 M.R.S. § 3022 et seq. by taking Lot 6 and the interests therein without payment of just compensation.

25. As a result of Defendant's actions and failure to pay just compensation, Plaintiffs have been damaged in an amount to be determined at trial.

**Count 2: Taking Without Payment of Just Compensation Under Federal Law (U.S. Const., amend V; 42 U.S.C. § 1983)**

26. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 to 20 as if set forth fully herein.

27. The Fifth Amendment to the United States Constitution, made applicable to the states via the Fourteenth Amendment to the United States Constitution, requires payment of just compensation for private property taken for public use. *Knick v. Twp. of Scott*, 588 U.S. ___ (2019).

28. Defendant violated Plaintiffs' rights under the Fifth Amendment to the United States Constitution by taking Lot 6 and the interests therein without payment of just compensation.

29. As a result of Defendant's actions and failure to pay just compensation, Plaintiffs have been damaged in an amount to be determined at trial.

**Prayer for Relief**

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter judgment in Plaintiffs' favor and find that Defendant has taken Plaintiffs' private property interests by power of eminent domain without payment of just compensation in violation of state and federal law;

B. Award Plaintiffs any and all damages available at law and equity, including but not limited payment of just compensation damages, compensatory damages, severance damages, nominal damages, punitive damages to the extent such damages are available, and pre- and post-judgment interest;

C. Award Plaintiffs their reasonable attorney fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and other applicable law; and

D. Grant such further and other relief as the Court deems appropriate.

## Demand for Jury Trial

Plaintiffs demand a jury trial on all counts so triable.

Date: November 18, 2021

/s/ Gene R. Libby
Gene R. Libby, Esq. (Bar No. 427)

/s/ Tyler J. Smith
Tyler J. Smith, Esq. (Bar No. 4526)

/s/ Keith P. Richard
Keith P. Richard, Esq. (Bar No. 5556)
Libby O'Brien Kingsley & Champion, LLC
62 Portland Road, Suite 17
Kennebunk, ME  04043
207-985-1815
glibby@lokllc.com
tsmith@lokllc.com
krichard@lokllc.com