UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FEDEQ DV004, LLC, et al., | ) |
| Plaintiffs | ) ) ) |
| v. | ) 2:21-cv-00327-GZS ) |
| CITY OF PORTLAND, | ) ) |
| Defendant | ) ) |

**ORDER ON MOTIONS TO QUASH SUBPOENA**

Plaintiffs served a subpoena upon O'Connell Valuation Services, Inc. (O'Connell), by which subpoena Plaintiffs seek documents regarding O'Connell's valuation of property that is subject of a dispute between Plaintiffs and Defendant (the subpoena). Defendant and O'Connell move separately to quash the subpoena. (Defendant's Motion to Quash, ECF No. 28; O'Connell's Motion to Quash, ECF No. 27.) Following review of the record and after consideration of the parties' arguments, the Court denies Defendant's motion and grants in part O'Connell's motion.

### BACKGROUND

Plaintiffs allege Defendant violated their state and federal constitutional rights by taking their property without just compensation. (Complaint, ECF No. 1.)

On September 8, 2021, Defendant's city council voted to approve a condemnation order taking the property and all interests in it. (*Id*. ¶ 11.) The condemnation order was recorded in the Cumberland County Registry of Deeds on September 23, 2021. (*Id*. ¶ 18.) According to the condemnation order, Defendant determined the amount of damages for

the taking to be a nominal sum of $10.00, based on O'Connell's appraisal of the property as of January 25, 2021.  (*Id.*, Exhibit 3, ¶¶ l, n-p, ECF No. 1-3; *see* Opposition to Motion to Dismiss, Exhibit A, Appraisal Report, ECF No. 6-1.)[1]

Through the subpoena, Plaintiffs request (a) the appraisal referenced in the order of condemnation, (b) any previous appraisals O'Connell conducted of the property, (c) drafts of the appraisal(s), (d) any engagement letter concerning the appraisal(s), (e) communications and documents concerning the appraisal(s), the parties, the property and its usage, and a prior lawsuit regarding an agreement between the parties with respect to the property (*FEDEQ DV004 LLC v. City of Portland*, Case No. 2:19-cv-00382-JHR),  all appraisal reports completed by O'Connell on commercial properties in Portland since 2015, (g) all appraisal reports completed by O'Connell at any time in connection with eminent domain proceedings, of parking facilities or lots over a certain size, the contributory financial value of personal property entitling the landowner to monetary contributions, a mortgagee's secured interest in real property, and a ground lessor's interest in real property, (h) O'Connell's most recent appraisal licensure renewal application(s) and disciplinary history, and (i) all appraisals or reports performed by O'Connell for property owned by a specified entity, FEDEQ DV005, LLC,[2] or interests owned, previously owned, or held by either of two of the plaintiffs, Sponsor Entity V, LLC and Redwood

---

[1] O'Connell's appraisal report is dated May 25, 2021.  (Opposition to Motion to Dismiss, Exhibit A, Appraisal Report, PageID #: 105.)

[2] FEDEQ DV005, LLC was originally one of the named plaintiffs in this matter.  On April 11, 2022, the Court dismissed FEDEQ DV005, LLC's claims against Defendant.  (*See* Order on Motion to Dismiss, ECF No. 8.)

Development Consulting, LLC. (Defendant's Motion to Quash, Exhibit A, Requests ¶¶ 1-20, ECF No. 28-1.)

O'Connell estimates it will require eighty hours or more for its single employee, Christina M. O'Connell, to collect, compile, categorize and copy the records requested in the subpoena. (O'Connell's Motion to Quash ¶¶ 2-3.)

## DISCUSSION

### A.   Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering, among other factors, "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 45(d)(3)(A)(iii) provides that a court must quash or modify a subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies."

A party "has standing to move to quash a non-party subpoena if the information sought by the subpoena implicates a personal right or privilege of the party." *Ponder v. Ocwen Loan Servicing, LLC*, No. 19-mc-91215-ADB, 2019 WL 2249675, at *2 (D. Mass. May 24, 2019).[3] The party asserting a privilege to withhold documents responsive to a

---

[3] "'The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought.'" *U.S. Bank Nat'l Ass'n v. James*, No. 09-84-P-JHR, 264 F.R.D. 17, 18-19 (D. Me. 2010) (quoting *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997)); *see also Jacobs v. Connecticut Cmty. Tech. Colls.*, 258 F.R.D. 192, 194-95 (D. Conn. 2009) ("Ordinarily, a party does not have standing to move to quash a subpoena served on a third party. Rather, only the person or entity to whom a subpoena is directed has standing to file a motion to quash."). "These decisions are grounded in the principle that the person served with process is the proper party to allege error," except where "the movant can demonstrate that the information being sought is privileged." *In re Mitchell*, Bankruptcy Case No. 18-40736-JMM, 2019 WL 1054715, at *2 (D. Idaho Mar. 5, 2019).

legitimate discovery request bears the burden of demonstrating the applicability of the privilege. *In re Grand Jury Subpoena (Mr. S.)*, 662 F.3d 65, 69 (1st Cir. 2011). The standard requires "sufficient information to allow the court to rule intelligently on the privilege claim." *Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir. 1991).

Rule 45(d)(3)(A)(iv) also "commands that a court '[must]' quash or modify a subpoena if the subpoena 'subjects a person to undue burden.'" *Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41 (1st Cir. 2003). The party resisting discovery "bears the burden of showing the subpoena imposes an undue burden." *Green v. Cosby*, 152 F. Supp. 3d 31, 35 (D. Mass. 2015). Concern "for the unwanted burden thrust upon non-parties is," however, "a factor entitled to special weight in evaluating the balance of competing needs[.]" *Cusumana v. Microsoft Corp.*, 162 F.3d 708, 708 (1st Cir. 1998). "A more burdensome subpoena should be justified by a somewhat higher degree of probable relevance than a subpoena that imposes a minimal or nonexistent burden." *United States v. R. Enterprises, Inc.*, 498 U.S. 292, 304, 111 S. Ct. 722, 729, 112 L. Ed. 2d 795 (1991) (J. Stevens, concurring).

B.     **Defendant's Motion to Quash**

Defendant contends Plaintiffs' request is in part premature because the appraisal constitutes an expert opinion and Defendant has not yet determined whether it will designate the appraisal's author, Christina O'Connell, as an expert witness. Defendant maintains that the extent to which Plaintiffs are entitled to documents related to the appraisal depends on whether Defendant designates Ms. O'Connell as an expert witness.

Defendant argues that unless it designates Ms. O'Connell as an expert, neither Defendant nor O'Connell is required to produce the appraisal-related documents.

Defendant thus purports to acquire the property by eminent domain based on an appraisal of the property, but in an action by the property owner challenging the valuation, decline to provide information the appraiser possessed and reviewed in preparation of the appraisal. Defendant's argument is unavailing. While Ms. O'Connell might be an expert in her field and might offer expert opinions in this case, the relevance of her work and testimony does not depend on whether Defendant decides to designate her as an expert. The validity of Ms. O'Connell's appraisal is a central issue in the case. Defendant cannot shield from discovery relevant information Ms. O'Connell possessed prior to the preparation of the appraisal by declaring her to be a testifying or non-testifying expert under Federal Rule of Civil Procedure 26.

**C.     O'Connell's Motion to Quash**

A subpoena served on a third party pursuant to Federal Rule of Civil Procedure 45 is subject to the same standards as to relevance and proportionality governing discovery between the parties. *See, e.g., Solamere Capital v. DiManno*, No. 22-mc-91197-ABD, 2022 WL 3154551, at *5 (D. Mass. Aug. 8, 2022).

O'Connell argues that the relevance of several of Plaintiffs' requests (12 through 18) is remote and the burden of producing the documents outweighs any potential relevance. O'Connell also argues that production of the documents would violate O'Connell's ethical duty of confidentiality under the Uniform Standards of Professional Appraisal Practice (USPAP).

First, "'documents are not immune from discovery merely because they are subject to contracts requiring that they be maintained confidentially.'" *F.D.I.C. v. Broom*, No. 12-cv-03145-PAB-MEH, 2013 WL 4781706, at *2 (D. Colo. Sept. 5, 2013) (quoting *Grynberg v. Total S.A.*, No. 03-CV-012080-WYD-BNB, 2006 WL 1186836, at *3 (D. Colo. May 3, 2006)). O'Connell's argument that its relationship with or obligation to Defendant prevents production of the documents is unpersuasive.

O'Connell's objection, however, to the scope of the requested documents has merit. At least at this stage of the proceedings, after consideration of the relevance, proportionality, and burden, O'Connell is not required to produce documents regarding other properties it might have assessed. O'Connell will be required to produce (a) all documents in the file, electronic or paper, it maintained in connection with its valuation of the property, (b) all documents, electronic or paper, it reviewed, regardless of whether it relied on the documents, in connection with the valuation of the property, and (c) all prior drafts of the appraisal report.

## Conclusion

Based on the foregoing analysis, the Court denies Defendant's motion to quash Plaintiffs' subpoena served on O'Connell. The Court grants in part O'Connell's motion to quash. Plaintiffs may serve a subpoena upon O'Connell, without a definitional section or instructions, other than the instructions included in the form subpoena, directing O'Connell to produce (a) all documents in the file, electronic or paper, it maintained in connection with its valuation of the property, (b) all documents, electronic or paper, it reviewed,

regardless of whether it relied on the documents, in connection with the valuation of the property, and (c) all prior drafts of the appraisal report.

## NOTICE

  Any objections to the Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison<br>
U.S. Magistrate Judge

Dated this 18th day of November, 2022.